PAMELA D. SCHNEIBOLK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schneibolk v. Commissioner
Docket No. 20273-92
United States Tax Court
T.C. Memo 1994-336; 1994 Tax Ct. Memo LEXIS 348; 68 T.C.M. (CCH) 159; July 25, 1994, Filed *348 Decision will be entered for respondent. For petitioner: Peter Driscoll. For respondent: Elizabeth S. Henn. COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $ 32,374 in petitioner's Federal income tax for 1987. The sole issue remaining for decision is whether petitioner is entitled to relief as an innocent spouse under section 6013(e). Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. At the time the petition was filed, petitioner resided in Gaithersburg, Maryland. Petitioner and Jeffrey Schneibolk (Schneibolk) were married in 1982. Schneibolk had gambling problems, and petitioner and Schneibolk separated in 1989 and divorced in 1991. Petitioner has a high school diploma and took accounting classes at a community college for 2 years. During 1987, petitioner was employed as the comptroller of Swingin' Door, Inc. In 1987, petitioner's salary was $ 47,722, and petitioner managed the family finances and paid the household *349 bills with her salary and loans from Swingin' Door, Inc. Schneibolk did not significantly contribute to the Schneibolk family living expenses during 1987. In 1987, Schneibolk was the 100-percent owner of Jeffco, Inc. (Jeffco), a corporation that provided painting services. This painting business was operated out of petitioner's residence in Gaithersburg, and the books and records of Jeffco were kept in the basement. All of the correspondence of Jeffco used this Gaithersburg address. Petitioner performed some services for Jeffco, including typing bills, preparing checks to be signed by Schneibolk, and preparing corporate ledgers and bank reconciliations. Petitioner did not have the power to withdraw any of the funds of Jeffco and did not have signatory power on any of the Jeffco checking accounts. In 1986 and 1987, petitioner wrote checks made payable to Schneibolk from some of the Jeffco accounts; these checks were signed by Schneibolk. Petitioner and Schneibolk were told by their accountant that these payments to Schneibolk would be characterized as loans from Jeffco. Schneibolk deposited these funds received from Jeffco into Schneibolk's and petitioner's personal account. *350 Schneibolk did not receive a salary from Jeffco, but he took several "loans" from Jeffco in order to support his gambling activity. The 1987 income tax return filed by Jeffco indicated that Schneibolk had loans of $ 108,035 from Jeffco. By mid-1987, Jeffco had serious cash flow problems, caused in part by Schneibolk's cash withdrawals to cover his gambling expenses. Because petitioner prepared reconciliations of the Jeffco bank statements, she was aware of the cash flow problems of Jeffco. The corporate income tax returns of Jeffco and petitioner's and Schneibolk's personal income tax returns were prepared by an accountant. Petitioner provided the accountant with information that was used to prepare such returns. In 1988 and 1989, petitioner advanced funds to Jeffco from her personal account to cover cash flow problems. These advances were characterized as loans. Petitioner and Schneibolk filed a joint 1987 income tax return on January 22, 1990. The Internal Revenue Service (IRS) audited Jeffco and determined that, in 1987, Jeffco made distributions to Schneibolk consisting of $ 38,673 in dividends and $ 42,000 in wages. On June 8, 1992, respondent sent a statutory notice *351 of deficiency to petitioner that determined that petitioner's income should be increased to account for the dividends and wages from Jeffco. OPINION In general, when a husband and wife file a joint Federal income tax return, they are jointly and severally liable for the tax due. Sec. 6013(d)(3). To alleviate some of the harsh results of this rule, Congress enacted special provisions to relieve a spouse from such liability, but only if such spouse satisfies certain conditions. Sec. 6013(e). To qualify for section 6013(e) relief, a spouse must show that: (1) A joint return was filed for the year in issue; (2) the return contained a substantial understatement of tax; (3) such understatement is attributable to grossly erroneous items of the other spouse; (4) in signing the return, the spouse did not know, and had no reason to know, that the return contained a substantial understatement of tax; and (5) when considering all of the facts and circumstances, it would be inequitable to hold the spouse liable for the deficiency in tax attributable to the substantial understatement. Sec. 6013(e); , affd. . *352 Failure to meet any one of the statutory requirements will prevent petitioner from qualifying for relief under section 6013(e). , affg. . The parties agree that a joint return was filed for the year in issue; that the return contained a substantial understatement of tax; and that the understatement is attributable to grossly erroneous items of Schneibolk. Respondent contends that petitioner is not entitled to relief under section 6013(e) because, when petitioner signed the 1987 income tax return, she knew, or had reason to know, that the return contained a substantial understatement. Generally, a taxpayer has knowledge of a substantial understatement of tax if he or she has knowledge of the circumstances that gave rise to the substantial understatement. Purcell v. Commissioner, 826 F.2d at 474; . Ignorance of the correct tax consequences does not shield petitioner from liability for a deficiency resulting from the omission of income. *353 See , affg. on other grounds ; At trial, petitioner's attorney argued that, although petitioner was aware of Schneibolk's withdrawals from Jeffco, she had no knowledge that the "loans" to Schneibolk would be recharacterized as dividends and salary and, thus, that petitioner had no knowledge that the 1987 income tax return contained a substantial understatement. Petitioner's attorney requested and received an opportunity to submit a brief explaining this argument; however, petitioner's attorney failed to submit any such brief or explanation to the Court. In any event, the argument that petitioner's failure to anticipate the tax consequences of the cash withdrawals from Jeffco entitles her to innocent spouse relief is contrary to our decision in , affd. on other grounds . In Bokum, we stated that "the taxpayer claiming innocent spouse status *354 must establish that he or she is unaware of the circumstances that give rise to error on the tax return, and not merely be unaware of the tax consequences." Id.
Here, the substantial understatement arose from Schneibolk's cash withdrawals from Jeffco, which withdrawals IRS recharacterized from loans to dividends and salary. The record indicates that petitioner was aware of Schneibolk's cash withdrawals from Jeffco and of the circumstances surrounding such withdrawals. In these circumstances, petitioner does not qualify for relief as an innocent spouse under section 6013(e). Decision will be entered for respondent.